# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MICHELLE KING,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | )   Case No. CV-12-S-841-M |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant Michelle King commenced this action on March 15, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts: (1) the Appeals Council failed to remand the claim for consideration of new evidence; (2) the ALJ failed to develop the record; (3) the ALJ improperly considered claimant's credibility; (4) the ALJ's decision was not based on substantial evidence when the additional evidence submitted to the Appeals Council is considered; (5) the ALJ's residual functional capacity finding was not supported by substantial evidence; and (6) the ALJ failed to consider all of claimant's severe impairments. Upon review of the record, the court concludes that these contentions are without merit.

**A.   Remand and New Evidence**

Claimant first asserts that the Appeals Council erred by failing to remand for consideration of new evidence submitted for the first time to the Appeals Council during the administrative proceedings. Claimant seems to forget that she filed a motion to remand on August 20, 2012, asserting the same arguments that she raises now in support of remand, and seeking review of the same evidence she addresses in her substantive brief.[1] After receiving the Commissioner's response to her motion to

---

[1] *See* doc. no. 9 (Motion to Remand).

remand,[2] however, claimant decided to withdraw the motion because she concluded that "[t]he points in the Commissioner's response are well taken."[3]  After having made that concession, claimant cannot now rely upon the same, allegedly new evidence in support of her argument that the case should be remanded to the Commissioner.  Therefore, the court will not consider any of claimant's arguments that are based on the Appeals Council's alleged failure to remand the case to the ALJ for consideration of additional evidence.[4]

**B.    Credibility**

Claimant also asserts that the ALJ erred in assessing the credibility of her complaints about subjective limitations.  To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  "After

---

[2] Doc. no. 10 (Commissioner's Opposition to Motion to Remand).

[3] Doc. no. 11 (Withdrawal of Motion to Remand), at 1.

[4] This includes claimant's first, second, and fourth arguments: *i.e.,* that the Appeals Council failed to remand the claim; that the ALJ failed to develop the record because he did not review all of the additional evidence; and that the ALJ's decision was not based on substantial evidence when the evidence submitted to the Appeals Council is considered.

considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ found that claimant's medically determinable impairments could reasonably be expected to cause the symptoms she alleged, but that claimant's statements about the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with a residual functional capacity to perform light work with additional limitations imposed by mild to moderate pain.[5] The ALJ adequately articulated the reasons for that finding, stating that claimant's subjective complaints were not supported by the medical record, including the consultative examiners' opinions; were inconsistent with claimant's daily activities; and were inconsistent with claimant's record of relatively conservative medical treatment (with the exception of her right knee replacement, which brought her relief of her right knee pain).

Claimant asserts that "[t]he Commissioners [sic] subsequent favorable decision,

---

[5] Tr. 31, 33.

effective the day after denial of benefits in this case, undermines the finding that claimant is not credible."[6] Without any further explanation to support that assertion, the court cannot accept an argument that th e mere fact that plaintiff filed *another application* for benefits *after the date of the ALJ's decision in this case* casts doubt on the ALJ's credibility findings in connection with the present application.  Among other reasons, the claimant's condition could have worsened significantly between the decision in this case and the later evaluation.

Claimant also takes issue with the ALJ's consideration of her daily activities, including watching television, reading books, doing dishes, cooking, vacuuming, mopping, grooming herself with some help, folding the laundry over an extended period of time, grocery shopping, sitting on the back porch, riding to the lake, talking on the phone, and visiting with friends.  Even though Social Security regulations expressly provide that daily activities *should be considered* when evaluating credibility, *see* 20 C.F.R. § 404.1529(c)(3)(i) (listing "daily activities" first among the factors the Social Security Administration will consider in evaluating a claimant's pain), claimant challenges the ALJ's findings under the Eleventh Circuit's decision in *Lewis v. Callahan,* 125 F.3d 1436 (11th Cir. 1997).  There, the Eleventh Circuit disavowed the notion that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability." *Id.* at 1441.  Here,

---

[6] Doc. no. 8 (claimant's brief), at 17 (alterations supplied).

the ALJ did not rely solely on claimant's daily activities to determine her disability status. Instead, he properly evaluated those activities in evaluating claimant's credibility. *See Hennes v. Commissioner of Social Security Administration,* 130 F. App'x 343, 348-49 (11th Cir. 2005) (holding that "the degree of Hennes's complaints also were belied by her testimony that she could shop for groceries and cook meals with her husband, put clothing in the washing machine, fold and hang clothing, and crochet") (citing *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir.1987)). Substantial evidence supports the ALJ's findings. The ALJ's conclusions about the inconsistency of claimant's allegations with the medical evidence and her relatively conservative treatment history also are supported by substantial evidence.

## C.     Residual Functional Capacity Finding and Substantial Evidence

The ALJ found that claimant had the residual functional capacity "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the RFC is consistent with Exhibit 13F [the State Agency physician's Physical Residual Functional Capacity Assessment] with the following modifications and limitations: experiences mild to moderate pain."[7]

Claimant first criticizes this assessment because "[t]he ALJ did not have the evidence submitted to the Appeals Council."[8] For the reasons stated in Section A,

---

[7] Tr. 31 (alteration supplied).

[8] Doc. no. 8, at 20 (alteration supplied).

6

*supra*, that argument is without merit.

Claimant also asserts that "the RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p."[9] This court does not agree. To the contrary, the ALJ spent several pages discussing the medical evidence and reasoning that supported her administrative findings.[10] This court concludes that the ALJ's findings are supported by the record.

Claimant also asserts that the ALJ's residual functional capacity finding is not supported by substantial evidence because there was no formal assessment from a treating or examining physician with regard to claimant's ability to perform specific work-related activities, such as walking, standing, lifting, or carrying. The factual premise upon which that assertion is based is correct: the only assessment of claimant's specific work-related abilities in the record is from the State Agency Physician.[11] Even so, it was not error for the ALJ to rely on that assessment to

---

[9] *Id.*

[10] *See* Tr. 31-35.

[11] Tr. 315-21. Dr. Ryan Aaron, the consultative examiner, submitted a report on August 16, 2008, but he did not include an assessment of function-by-function impairments. Even so, Dr. Aaron did provide a detailed report of his examination of claimant. He noted that she was able to sit comfortably during the interview, ambulate in and out of the room with a cane, and remove her socks and shoes, but she did have trouble putting on her socks and shoes. Her lungs were clear, but she did have a prolonged expiratory phase. She could perform the finger-nose and heel-knee tests, but she did have an antalgic gait. She had some reduced range of motion, particularly in the knees. She also had tenderness upon palpitation and crepitus in both knees, but worse on the right. She had 3/5 muscle strength in her right hip flexor, 4/5 in the right lower extremity and shoulder abductor, and 5/5 in the left lower extremity and left upper extremity. She had 4/5 grip strength in both hands. Tr. 286-91. The ALJ afforded Dr. Aaron's assessment great weight because it was consistent with the medical record. He also noted that Dr. Aaron's examination was conducted prior to claimant's right

determine claimant's function-by-function limitations. Social Security regulations indicate that the opinions of state agency examiners are entitled to substantial consideration. *See* 20 C.F.R. §§ 404.1527(f)(2)(i) & 416.927(f)(2)(i) (stating that, while the ALJ is not bound by the findings of a State Agency physician, the ALJ should consider such a physician to be both "highly qualified" and an "expert" in Social Security disability evaluation). *See also Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981) ("The Secretary was justified in accepting the opinion of Dr. Gordon, a qualified reviewing physician, that was supported by the evidence, and in rejecting the conclusory statement of Dr. Harris, a treating physician, that was contrary to the evidence."). The ALJ afforded great weight to the State Agency's assessment because it was "consistent with the medical record and the findings of the undersigned."[12] That conclusion is supported by substantial evidence of record.

**D.  Severe Impairments and Combination of Impairments**

The ALJ found that claimant had the following severe impairments: "osteoarthritis (OA); degenerative joint disease (DJD); status post total knee arthroplasty on the right (TKA); carpal tunnel syndrome (CTS); and chronic obstructive pulmonary disease (COPD). The claimant also has the following non-

---

knee surgery, which brought claimant significant relief. Tr. 33.
     [12] Tr. 33.

severe impairment: adjustment disorder . . . ."[13]

Claimant asserts that the ALJ "failed to consider the following impairments: bipolar disorder, severe depression, generalized anxiety disorder, as well as severe lower back pain due to lumbar degenerative disc disease, migraine headaches, hypertension."[14] Social Security regulations define a "severe" impairment as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c) (alteration supplied). Claimant does not explain why the identified impairments should have been considered "severe," except to state that the ALJ "failed to follow the 'slight abnormality' standard."[15] The Eleventh Circuit has held that "'[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *Kuhl v. Commissioner of Social Security,* 451 F. App'x 802, 804-05 (11th Cir. 2011) (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1546 (11th Cir.1986)) (alteration supplied). There is nothing in the record to indicate that claimant's bipolar disorder, severe depression, generalized anxiety disorder, lower back pain due to lumbar degenerative disc disease, migraine headaches, or

---

[13] Tr. 29.
[14] Doc. no. 8, at 25.
[15] *Id.*

9

hypertension had any more than a minimal effect on claimant or significantly limited her ability to perform work-related activities.

Claimant also asserts that the ALJ erred "in not considering the effect of the claimant's severe lower back pain due to lumbar degenerative disc disease, bipolar disorder, severe depression, generalized anxiety disorder, migraine headaches, hypertension, and morbid obesity . . . ."[16] Stated differently, claimant asserts that the ALJ failed to consider all of her severe and non-severe impairments in combination. Once again, she does not explain how the ALJ failed to consider any of these other impairments in combination with the impairments the ALJ identified as severe, or how any further consideration of these impairments would have changed the administrative result.

Social Security regulations state the following with regard to the Commissioner's duty in evaluating multiple impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

---

[16] *Id.*

20 C.F.R. § 1523. *See also* 20 C.F.R. §§ 404.1545(e), 416.945(e) (stating that, when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity). The court finds that the ALJ satisfied that requirement in this case. The ALJ devoted substantial consideration to claimant's mental condition even though he ultimately found claimant's mental impairments to be non-severe.[17] The ALJ also considered the mental assessments by the consultative examiner and the state agency psychologist.[18] Claimant has not explained how more explicit consideration of her mental condition — or any of the other conditions identified in her brief — might have changed the administrative result, and the court can discern no reason why it would. Moreover, the ALJ entered a finding that claimant did not have an impairment *or combination of impairments* that met or medically equaled one of the listed impairments.[19] Under Eleventh Circuit law, that statement is sufficient to indicate that the ALJ properly considered all of claimant's impairments. *See Wilson v. Barnhart,* 284 F.3d 1219, 1224 (11th Cir. 2002); *Jones v. Dept. of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir. 1991).

---

[17] Tr. 29-30.
[18] Tr. 33-34.
[19] Tr. 31.

E.      **Conclusion and Order**

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED.

Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 14th day of January, 2013.

_____
United States District Judge